[No. B232607. Second Dist., Div. Six. Feb. 23, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN ALLEN KUNATH, Defendant and Appellant.

COUNSEL

Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Kenneth C. Byrne, and David C. Cook, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GILBERT, P. J.**—In *People v. Bruner* (1995) 9 Cal.4th 1178, 1180 [40 Cal.Rptr.2d 534, 892 P.2d 1277], our Supreme Court cautioned that "difficult problems" arise when computation of presence custody credits stem from multiple charges. When such computation does not involve postsentence custody, "difficult problems" are less likely to arise.

Here we decide that under Penal Code section 2900.5 (section 2900.5), when concurrent sentences are imposed at the same time for unrelated crimes, the defendant is entitled to presence custody credits on each sentence, provided he is not also in postsentence custody for another crime. We reverse and remand for recalculation of presence custody credits.

## FACTS

On September 17, 2010, John Allen Kunath was arrested for possession of a controlled substance for sale. (Health & Saf. Code, § 11378.) He was released on bond. A short time later, Kunath was arrested in an unrelated case for possession of a controlled substance and confined pending trial. (*Id.*, § 11377, subd. (a).)

On January 4, 2011, Kunath pled guilty in both cases. On February 16, 2010, in a single sentencing hearing, the trial court sentenced Kunath to concurrent 16-month prison terms.

The trial court rejected Kunath's argument that he should receive presentence custody credits in each case for the time he was in custody on both cases. Instead, the court awarded him full custody credits on the first case. In the second case, the court awarded Kunath custody credits for only the few days he was in custody solely on the second case.

## DISCUSSION

Kunath contends the trial court erred in refusing to apply presentence custody credits in each case for the time he was simultaneously in presentence custody.

Section 2900.5, subdivision (b) allows presentence credit to be given "only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted."

Both parties rely on *Bruner*. In *Bruner*, while the defendant was being arrested for parole violations, agents found rock cocaine on his person. The defendant was cited and released for the cocaine possession, but remained in custody on a parole hold. The defendant's parole was revoked, and he was sentenced to 12 months in prison with full credit for presentence custody. Thereafter, the defendant was charged with cocaine possession. He pled guilty and the court sentenced him to 16 months concurrent with the probation revocation term. The trial court found the defendant was not entitled to any presentence credit.

In *Bruner*, our Supreme Court agreed that the defendant was not entitled to presentence credits. It held that "where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody

may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint. Accordingly, when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*People v. Bruner, supra,* 9 Cal.4th at pp. 1193–1194.)

The Attorney General argues that because Kunath was in custody on the first case, he cannot show he would have been free of custody "but for" his arrest in the second case.

Kunath argues the basic rule is that where a defendant is ordered to serve concurrent sentences, the time to be credited pursuant to section 2900.5 must be credited to each of them. (Citing *People v. Schuler* (1977) 76 Cal.App.3d 324, 330 [142 Cal.Rptr. 798].) He reads *Bruner* as changing that rule only where the concurrent sentences are imposed at separate times. He claims the basic rule, that credit must be applied to each concurrent sentence, still applies where, as here, the concurrent sentences are imposed at the same time. In support of his argument Kunath relies on a footnote in *Bruner*. The footnote states in part: "[W]hen *concurrent* sentences are imposed at the same time, presentence custody is credited against all." (*People v. Bruner, supra,* 9 Cal.4th at p. 1192, fn. 9.)

The Attorney General acknowledges that Kunath was sentenced in each case at the same time. She argues, however, that the court treated each case separately and sentenced accordingly. The argument misses the point.

■ The purpose of section 2900.5 is to equalize the total time in custody between those who suffered presentence custody on unproven charges and those who did not. (See *People v. Bruner, supra,* 9 Cal.4th at pp. 1183–1184.) That purpose is not served where, as in *Bruner,* a defendant in postsentence custody is charged with another crime. In such a case, even if the defendant would otherwise be eligible for presentence release on the unproven charge, he cannot avoid being in custody.

■ As our Supreme Court stated in *Bruner:* "[S]ection 2900.5 is intended to provide equitable treatment for one held in *pretrial* custody on mere *charges* of crime, not to give credit for time already being served and credited on another term or sentence for unrelated violations. In this case,

once defendant began serving a parole revocation term founded upon multiple, unrelated acts of misconduct, his custody was unavoidable on that basis regardless of the fact that he was simultaneously awaiting trial on the single criminal charge. [Citation.]" (*People v. Bruner, supra*, 9 Cal.4th at p. 1192.)

■ Where, however, the defendant's custody is solely presentence on all charges and he is simultaneously sentenced on all charges to concurrent terms, the policy behind section 2900.5 applies. Presentence custody credits must apply to all charges to equalize the total time in custody between those who obtain presentence release and those who do not.

■ Here Kunath was in presentence custody on mere charges of crime until he was sentenced simultaneously on both cases. Unlike *Bruner*, at no time did Kunath's presentence custody overlap custody on a crime for which he had previously been convicted. Because Kunath was in presentence custody on mere charges of crimes in both cases, he is entitled to full credit for the time spent in presentence custody in both cases.

The Attorney General's approach defeats the purpose of section 2900.5. Assume two defendants are arrested at the same time and each is charged with two crimes. Defendant One immediately posts bail, but Defendant Two does not. One year later, Defendants One and Two plead guilty to both crimes and each defendant receives a one-year concurrent sentence.

Under the Attorney General's view, Defendant Two is not entitled to dual precustody credits. But his receiving precustody credit for the year he spent in jail on count 1 only, is tantamount to receiving no credit because he has to spend another year in custody on count 2. He will have spent two years in custody. Defendant One, however, who has been free on bail will spend only one year in custody.

A proper application of section 2900.5 provides Defendant Two with dual presentence custody credits. Defendants One and Two, each will spend one year in jail.

We cannot tell from the record how the trial court calculated the custody credits. Suffice it to order the matter reversed and remanded for recalculation of presentence custody credits and for correction of the abstract of judgment.

The superior court shall thereafter forward the modified abstract to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.

Coffee, J.,* and Perren, J., concurred.

On March 8, 2012, the opinion was modified to read as printed above.

---

*Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.