Filed 12/12/14  P. v. Grewell CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM HENRY GREWELL,<br><br>    Defendant and Appellant. | D064736<br><br>(Super. Ct. Nos. SCE328629, SCD247683)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on November 14, 2014, be modified as follows:

The disposition paragraph is replaced with the following:

"DISPOSITION

"The judgment is affirmed.  In a petition for rehearing, Grewell asserted a new issue under Proposition 47, passed by California voters on November 4, 2014, effective November 5, 2014.  (See Cal. Const., art. II, § 10, subd. (a) ["An initiative statute or referendum approved by a majority of votes thereon takes effect the day

after the election unless the measure provides otherwise."].)  The petition for rehearing is denied without prejudice to Grewell's petitioning for relief from the superior court in the first instance."        There is no change in the judgment.

The petition for rehearing is denied.

MCINTYRE, Acting P. J.

Copies to:  All parties

Filed 11/14/14  P. v. Grewell CA4/1 (unmodified version)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILLIAM HENRY GREWELL,<br><br>    Defendant and Appellant. | D064736<br><br><br>(Super. Ct. Nos. SCE328629,<br>SCD247683) |

APPEAL from a judgment of the Superior Court of San Diego County,

John M. Thompson, Judge.  Affirmed.

Loleena Ansari, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant

Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and

Raquel M. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.


In this case, William Henry Grewell was in custody in SCE328629 (case one)

when a complaint was filed against him in SCD247683 (case two).  He pleaded

guilty in both cases. In each case, the trial court sentenced him to the upper term of three years, with the sentence in case two running concurrent to the sentence in case one. The court ordered a split sentence, with two years in county jail and one year in mandatory supervision. At the time of sentencing, the court awarded presentence custody credits for both cases, which is the subject of this appeal.

Specifically, in case one, the trial court awarded Grewell 95 days of actual custody, calculated from the date of his arrest and booking (March 23, 2013) to the date of his sentencing (June 25, 2013), and 94 days of conduct credit for a total of 189 days. (All date references are to 2013.) In case two, the trial court calculated Grewell's presentence credits to be 55 days of actual custody and 54 days of conduct credit, for a total of 109 days. The court calculated his actual custody from the date of his arraignment (May 2) to the date of his sentencing (June 25), for a total of 55 days.

Grewell contends the trial court incorrectly calculated his presentence custody credits in case two. He asserts the trial court should have calculated his presentence custody credits in case two starting from the date the complaint in case two was filed (April 25), which would have given him seven additional days of actual custody credits and seven additional days of Penal Code section 4019 conduct credits. (Undesignated statutory references are to the Penal Code.) He argues that because he was in presentence custody in case one when this new complaint in case two was filed against him, the use of his arraignment date as the start of the presentence

2

custody credit calculation is in direct conflict with the plain meaning and legislative intent of section 2900.5.

We requested further briefing on what impact, if any, subdivision (d) of section 2900.5 has on deciding the issue raised on appeal. Both parties provided a response. We affirm.

DISCUSSION

This case presents a question of statutory interpretation, a question of law we review de novo. (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 919.) We look to the words of the statute itself, which is normally the best indicator of the lawmakers' intent. (*People v. Goodloe* (1995) 37 Cal.App.4th 485, 490-491.) If the statutory words are clear and unambiguous, we may not modify them to accomplish a purpose not apparent on the face of the statute or from its legislative history. (*Ibid.*)

A defendant is entitled to credit for time "in custody, including, but not limited to, any time spent in a jail, camp, work furlough facility . . . or similar residential institution." (§ 2900.5, subd. (a).) Subdivision (b) of section 2900.5, provides that presentence custody credits shall be given "only where the custody to be credited *is attributable to* proceedings related to the same conduct for which the defendant has been convicted." (Italics added.) A sentencing court has a duty "to determine the date or dates of any *admission to*, and release from, custody prior to sentencing." (§ 2900.5, subd. (d), italics added.)

Where, as here, a defendant is serving concurrent sentences, imposed at the same time for unrelated crimes, the defendant is entitled to presentence custody

3

credits on each sentence, provided he is not in postsentence custody for another crime. (*People v. Kunath* (2012) 203 Cal.App.4th 906, 908.) Because Grewell was not serving postsentence custody for another crime, the court correctly awarded him presentence custody credit in both cases. As Grewell notes, problems arise in applying the language of subdivision (b) of section 2900.5 in situations where the calculation of presentence custody credits stems from multiple cases because of the need to determine which custody is attributable to each case. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1180.) As our high court has recognized, "there is no simple or universal formula to solve all presentence credit issues" but the "aim is to provide for section 2900.5 a construction which is faithful to its language, which produces fair and reasonable results in a majority of cases, and which can be readily understood and applied by trial courts." (*In re Joyner* (1989) 48 Cal.3d 487, 495.)

It is undisputed that the trial court correctly determined Grewell's presentence custody credits in case one, calculated from the date he was booked into custody to the date of his sentencing. (*People v. Ravaux*, *supra*, 142 Cal.App.4th at p. 920.) He asserts the trial court did not award *all* of the presentence custody credit he was entitled to in case number two because it began the calculation on the date of his arraignment in case two rather than the date the complaint in case two was filed.

Specifically, he claims the language of subdivision (b) of section 2900.5 "does not indicate a guideline for determining when custody is attributable to proceedings in the relevant case; it simply states that only where custody is attributable to the proceedings, the defendant shall be given credit." Accordingly, he asserts multiple

4

options existed for determining what date represented the initiation of his custody as attributable to case two, namely (1) the date the complaint was filed (April 25), (2) the date of booking and arraignment (May 2), and (3) the date the order to produce was issued (May 21). He argues that all three of these dates represent proceedings where his custody was "attributable" to the present proceedings related to his conviction in case two on June 25. Therefore, because subdivision (b) of section 2900.5 does not indicate when his custody on case two began, he is entitled to credit for his time in custody for all of these proceedings in case two and as a matter of logic, the calculation should begin at the first date, April 25, when the complaint in case two was filed.

We disagree with this argument as it ignores the language of subdivision (d) of section 2900.5, which imparts on the sentencing court a duty to determine when a defendant is admitted into custody and released from custody. Thus, this subdivision instructs when a defendant's custody becomes attributable to the proceedings for which the defendant has been convicted of within the meaning of section 2900.5, subdivision (b). Here, the only relevant date for determining the initiation of custody attributable to case two is May 2, the date Grewell was admitted into custody on case two. This result is faithful to the language of section 2900.5, produces fair and reasonable results and can be readily understood and applied by trial courts. (*In re Joyner*, *supra*, 48 Cal.3d at p. 495.) Accordingly, the trial court correctly calculated Grewell's actual custody in case two from the date of his arraignment (May 2) to the date of his sentencing (June 25), for a total of 55 days.

5

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

O'ROURKE, J.