Filed 7/15/16  P. v. Wingo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042624, H043108 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F24121) |
| v. | |
| THOMAS JACOB WINGO, | |
| Defendant and Appellant. | |

Defendant Thomas Jacob Wingo was on probation in case No. F23156 when he pleaded guilty to two counts of second degree commercial burglary (Pen. Code, § 459)[1] in case No. F24121.  The trial court placed him on probation in case No. F24121. Defendant served 112 days in custody, attributable to both cases, for various probation violations between August 16, 2013, and March 23, 2015.  On July 21, 2015, the court found defendant to be in violation of his probation in both cases, terminated probation, and imposed sentences in both cases.  On appeal, he argues that the court erred when it awarded the 112 days of custody credit only to case No. F23156 and not to case No. F24121.  The People concede the issue, and we find the concession appropriate.  We modify the judgment and affirm.

---

[1] Unspecified statutory references are to the Penal Code.

On August 12, 2012, defendant was placed on three years' probation and was ordered to serve 120 days in county jail in case No. F23156 for committing a crime against an elder or a dependent adult (§ 368, subd. (c)), a misdemeanor.

On February 13, 2013, while still on probation in case No. F23156, defendant pleaded guilty in case No. F24121 to two counts of second degree commercial burglary (§ 459), was placed on three years' probation, and was ordered to serve 270 days in county jail.

While defendant was on probation in both cases, he was found to be in violation of his probation in both cases several times between August 16, 2013 and March 23, 2015. He spent a total of 112 days in custody for these probation violations. On April 3, 2015, defendant violated probation and, pending the probation revocation hearing, was in custody between April 17, 2015, and July 21, 2015, for a total of 96 days.

On July 21, 2015, the court found defendant to be in violation of his probation in both cases, terminated probation, and sentenced defendant in both cases.

In case No. F23156, defendant was sentenced to 198 days in jail. The trial court awarded defendant with 198 days of actual custody credit and 198 days of conduct credit, for a total of 396 days. This included the 112 days that defendant had served for violating probation between August 16, 2013, and March 23, 2015.

In case No. F24121, the court sentenced defendant to a total term of two years eight months in prison. The trial court awarded defendant 243 days of actual custody credit and 243 days of conduct credit, for a total of 486 days. The 243 days of actual custody credit was calculated by adding the 135 days of custody he had served as part of

---

[2] The circumstances of defendant's offenses are not relevant to the issues he has raised on appeal. We therefore provide only a brief summary of the relevant procedural history of defendant's case.

his probationary jail term, 12 days he had served from various other probation violations, and 96 days he had served while waiting for the probation revocation hearing. This calculation did not include the 112 days of credit defendant had served for probation violations between August 16, 2013, and March 23, 2015. Defendant timely appealed (case No. H042624).

Subsequently, defendant filed a motion under section 1237.1, requesting that the trial court correct his presentence custody credits. Defendant argued that he was entitled to have the 112 days he had spent in custody due to probation violations between August 16, 2013 and March 23, 2016, be applied to case No. F24121. Defendant noted that the trial court had not ordered consecutive sentences in case Nos. F23156 and F24121. Therefore, the sentences should have been deemed to run concurrently, and the 112 days of custody credits should not have been attributed only to case No. F23156.

On December 10, 2015, the trial court considered defendant's arguments. The court concluded that although it had not expressly ordered consecutive sentences during the sentencing hearing, it had intended to sentence defendant consecutively in case Nos. F23156 and F24121. The court subsequently denied defendant's motion. Defendant timely appealed (case No. H043108).[3]

## DISCUSSION

On appeal, defendant argues the court erred when it denied his motion to correct his sentence. He insists that he is entitled to an additional 112 days of custody credit in case No. F24121.[4] The People concede the issue, and we find the concession appropriate.

_____

[3] We ordered the two appeals (Nos. H042624 and H043108) considered together for the purposes of briefing, oral argument, and disposition.

[4] Below and on appeal, defendant argues that he is entitled to an additional 123 days of custody credit. As the People note, defendant relies on an erroneous calculation of the custody credits in this case. Using the numbers provided from the probation officer's report, the actual number of custody credits at issue totals 112, not 123.

3

Section 2900.5, subdivision (a) provides that "all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment."  When a defendant's "custody is solely presentence on all charges and he is simultaneously sentenced on all charges to concurrent terms . . . . [p]resentence custody credits must apply to all charges . . . ." (*People v. Kunath* (2012) 203 Cal.App.4th 906, 911.)

During the original sentencing hearing, the trial court did not indicate whether the sentences in case Nos. F23156 and F24121 were to run consecutively or concurrently.

Section 669, subdivision (b), provides in pertinent part:  "In the event that the court at the time of pronouncing the second or other judgment upon that person had no knowledge of a prior existing judgment or judgments, or having knowledge, fails to determine how the terms of imprisonment shall run in relation to each other, then, upon that failure to determine, or upon that prior judgment or judgments being brought to the attention of the court at any time prior to the expiration of 60 days from and after the actual commencement of imprisonment upon the second or other subsequent judgments, the court shall, in the absence of the defendant and within 60 days of the notice, determine how the term of imprisonment upon the second or other subsequent judgment shall run with reference to the prior incompleted term or terms of imprisonment.  Upon the failure of the court to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently."

During the hearing on the motion to correct, the trial court indicated that it had intended that the two sentences run consecutively with each other.  The trial court, however, did not correct or modify the original sentencing order within the specified time frame.  Accordingly, by default, the sentences in case Nos. F23156 and F24121 were concurrent.  (§ 669, subd. (b).)

4

Defendant is therefore entitled to an additional 112 days of actual custody credit in case No. F24121.  In total, defendant would be entitled to 355 of actual custody credit (the 243 days of actual custody credit awarded during the original sentencing plus the additional 112 days of actual custody credit) and 354 days of conduct credit (§ 4019), for a total of 709 days.

## DISPOSITION

The trial court's order denying defendant's motion to correct the record is reversed, and the judgment is modified by awarding defendant a total of 355 days of custody credit and 354 days of conduct credit in case No. F24121.  As modified, the judgment is affirmed.  The trial court is directed to forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.