Filed 7/12/21  P. v. Brown CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C089811 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 18CR003786, 19CR000314) |
| v. | |
| JOE LUGENE BROWN, JR., | |
| Defendant and Appellant. | |

Defendant Joe Lugene Brown, Jr., pleaded guilty to possession of ammunition by a felon and, in a separate case, to possession of a firearm by a felon.  On appeal, defendant argues (1) the trial court erroneously imposed fines without pronouncing them orally in defendant's presence or obtaining a proper waiver, and (2) the trial court failed to award presentence custody and conduct credits against both concurrent sentences.  We find defendant forfeited his right to challenge the imposition of fines on appeal, but agree

1

defendant is entitled to custody and conduct credits in both cases and amend the abstract of judgment accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND

No discussion of the facts underlying the offense is necessary to the issues raised by defendant on appeal. Instead, we summarize the relevant procedural history.

In case No. 18CR003786 (the 786 case), defendant was charged with three felonies arising from his alleged attempt to take a bulldozer while possessing a handgun, shotgun, and ammunition. In case No. 19CR000314 (the 314 case), defendant was charged with a felony and two misdemeanors arising from his possession of ammunition as a felon, receiving stolen property, and possession of drug paraphernalia. Defendant entered a plea of guilty to possession of ammunition by a felon (Pen. Code § 30305, subd. (a)(1))[1] in the 314 case, and possession of a firearm by a felon (§ 29800, subd. (a)(1)) in the 786 case. The parties stipulated that defendant would receive a concurrent three-year term in state prison for each offense. Defendant further agreed to fines and fees in an amount to be determined by the court.

At the sentencing hearing, with defendant present, the trial court announced it had read the probation department's report for both cases. The report recommended defendant pay a $600 restitution fine (§ 1202.4, subd. (b)) and a $600 parole revocation fine (§ 1202.45) for each of the two felonies. The trial court sentenced defendant per the parties' stipulation and awarded conduct credits. The court then asked if both attorneys "waive formal reading of the remaining terms and conditions?" They agreed, and the court responded, "[t]hose are adopted in their entirety as if read into the record and incorporated into the judgment and sentence as to the two felonies." The minute order from the hearing states, "[t]he Court adopts the terms and conditions listed at pages 1-5[]

---

[1] Undesignated statutory references are to the Penal Code.

2

[of the probation report] [a]s if read into the record in their entirety and incorporated into the judgment and sentence . . . . Respective Counsel waived reading." The abstract of judgment shows the court imposed restitution and parole revocation fines consistent with the recommendation in the report.

## DISCUSSION

### I

*Imposition of Fines*

Defendant argues the trial court erred when it imposed the $600 restitution fines and $600 parole revocation fines without pronouncing them orally on the record in defendant's presence. Because the trial court did not expressly mention the fines at the sentencing hearing, and counsel waived reading of the "terms and conditions" without any reference to the fines contained therein, defendant argues the fines were improperly added to the abstract of judgment.[2]

The People initially counter that defendant waived his claim on appeal because he agreed to waive the reading of the terms and conditions, including his fines, aloud. However, we need not determine whether defendant expressly waived his claim because his failure to object to the lack of oral pronouncement of the fines constitutes forfeiture of the claim on appeal.

It is well established that a defendant's failure to object at sentencing forfeits any claim on appeal " 'involving the trial court's failure to properly make or articulate its

---

[2]    Defendant construes the inclusion of fines in the abstract of judgment as the court imposing a sentence — specifically, the fines — without stating those terms aloud in defendant's presence. He contends a court may impose a sentence without defendant's presence if it obtains a written waiver. So, he argues the court was required to obtain a written waiver from defendant, which would state that defendant waived his right to be present at a hearing where the court recited the fines as part of his sentence. We need not address this argument because of our finding that defendant forfeited his right to challenge the imposition of fines on appeal.

discretionary sentencing choices.' " (*People v. Tillman* (2000) 22 Cal.4th 300, 302 (*Tillman*), quoting *People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*).) In *Tillman,* our Supreme Court unanimously applied the forfeiture doctrine of *Scott* and held the district attorney's failure to object to the trial court omitting the restitution fine without stating its reasons forfeited the issue on appeal. (*Tillman*, at p. 303.) The Supreme Court explained that this encourages the proper development of the record and exercise of the trial court's discretion and helps reduce the number of costly appeals. (*Id*. at pp. 302-303.) " 'Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing.' " (*Id.* at p. 303, quoting *Scott*, at p. 353.)

Here, defendant was on notice as to the fines recommended by the probation officer. He then waived the trial court's oral pronouncement of the terms and conditions of the probation report's recommendation, which contained the restitution fine and parole revocation fine. The court then incorporated the terms and conditions into the judgment and sentence. If there was a substantive or procedural defect regarding either of the fines recommended by the probation officer and incorporated by reference into the sentence by the trial court, it could have been corrected at the sentencing hearing. But, defendant did not object. Thus, in accordance with the reasoning in *Tillman*, defendant forfeited his challenge to the imposition of those fines on appeal.

In reaching this conclusion, we reject defendant's contention that the trial court's reference to "terms and conditions" was not meant to include fines, because fines are a punishment and not a "condition." In this case, the trial court announced that the terms and conditions of the probation report were adopted in their entirety and "incorporated into the judgment *and sentence* as to the two felonies." (Italics added.) Fines are part of a defendant's sentence (*People v. Smith* (2001) 24 Cal.4th 849, 852-853 [a restitution fine is a discretionary sentencing choice and a parole revocation fine is mandatory if restitution fine imposed]), and fines are included in the judgment. (*People v. Zackery*

4

(2007) 147 Cal.App.4th 380, 387 [fines are a part of the judgment].) Thus, because the trial court expressly incorporated the terms and conditions into the judgment and sentence, it necessarily incorporated the fines therein, which are part and parcel to the judgment and sentence.

## II

### *Custody Credits*

Defendant next contends the court erroneously applied custody and conduct credits to one sentence rather than to both concurrent sentences. The People concede the issue, and we agree.

It is an accepted principle that "when *concurrent* sentences are imposed at the same time, presentence custody is credited against all." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1192, fn. 9.) "[U]nder Penal Code section 2900.5 . . . when concurrent sentences are imposed at the same time for unrelated crimes, the defendant is entitled to presentence custody credits on each sentence, provided he is not also in postsentence custody for another crime." (*People v. Kunath* (2012) 203 Cal.App.4th 906, 908.)

Here, defendant was in jail for 84 days awaiting resolution of both cases. He ultimately received concurrent three-year sentences for the unrelated crimes in both cases. The probation department calculated that defendant received 84 days of actual credit and recommended an additional 84 days of conduct credit in each case, for a total of 168 credits per case. However, the probation report erroneously concluded that "[a]ll overlapping time credit should be applied to [the 314 case], the first occurring matter." The court then followed the probation department's erroneous recommendation and awarded 168 days of custody credits for only the 314 case, and none for the 786 case. Because (1) defendant was awaiting sentencing on two unrelated crimes, (2) the court imposed concurrent sentences, and (3) defendant was not in postsentence custody for another crime during the 84 days, defendant is entitled to custody credits in the amount of

168 days for both the 314 case and the 786 case. We shall order the clerk to amend the abstract of judgment accordingly.

## DISPOSITION

The judgment is modified to reflect the award of 168 days of custody and conduct credits in both cases. As so modified, the judgment is affirmed. The clerk is directed to prepare an amended abstract of judgment including the 168 days of custody and conduct credits for both the 314 case and the 786 case, and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.


                                        /s/
                             BLEASE, Acting P. J.


We concur:


    /s/
RENNER, J.


    /s/
KRAUSE, J.