Filed 7/23/21  P. v. Busby CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MERLEN DEAN BUSBY,<br><br>    Defendant and Appellant. | A161125<br><br>(Del Norte County<br> Super. Ct. Nos. 98-341-C &<br>CRF 98-1785) |

Defendant Merlen Dean Busby was convicted in federal court of kidnapping a man at gunpoint and sentenced to 18 years in federal prison. He was subsequently convicted on multiple state charges arising out of the same incident and received a 24-year consecutive state prison sentence. Defendant was awarded no custody credits at his state sentencing.  He recently filed a motion to correct his sentence in the trial court, seeking "22 months, 16 days" of presentence custody credits against his state sentence.  The trial court denied the motion.  Defendant appealed.

We conclude defendant is not entitled to credit under Penal Code[1] section 2900.5, subdivision (b) because his state sentence is consecutive to his federal sentence.  Accordingly, we affirm.

---

[1] All statutory references are to the Penal Code.

# I. BACKGROUND

The underlying facts of this case are set forth in greater detail in this court's prior opinion on defendant's direct appeal. (*People v. Busby* (Aug. 24, 2001, A092785) [nonpub. opn.].) We provide only a brief summary of the most pertinent facts here.

Around 11:30 p.m. on November 30, 1998, Marc and Pattie M. were asleep at home with their two young children. Defendant broke into their house and ordered the family into a bedroom at gunpoint. Defendant demanded money and led Marc around the house looking for money. Defendant forced Marc out of the house and into the family's car in the garage. He then made Marc drive to Oregon and withdraw $400 from an ATM. Around 4:30 a.m., defendant was stopped by a sheriff's deputy. Defendant was armed and driving the car. Marc was found in the trunk.

Defendant was arrested and taken into federal custody.[2] On December 2, 1998, the United States Attorney's Office filed a complaint charging defendant with kidnapping. (18 U.S.C. § 1201(a)(1).) A state warrant for his arrest also issued on December 2, and was amended the following day. In September 1999, defendant pleaded guilty in federal court to kidnapping and a related gun charge and was sentenced to 18 years in federal prison.

On March 30, 2000, defendant was arrested by state authorities and extradited to Del Norte County to face charges in the present case. He was arraigned the next day. On August 29, 2000, a jury found defendant guilty of carjacking (§ 215, subd. (a)), first degree robbery (§ 212.5, subd. (a)), first

---

[2] The record is limited as to certain procedural aspects of the federal case. We rely in part on undisputed statements of fact made by defendant in the trial court.

degree burglary (§§459, 460), two counts of false imprisonment by violence (§ 236), three counts of assault with a firearm (§ 245, subd. (a)(2)), and possession of a firearm by a felon (**former** § 12021, subd. (a)(1)). The jury also found true enhancement allegations pursuant to sections 12022.53, subdivision (b) and 12022.5, subdivision (a)(1).

On September 28, 2000, defendant was sentenced to state prison for 24 years. The trial court ordered his sentence to run consecutive to his federal sentence. The trial court did not award pretrial custody credits. Defendant was returned to federal prison to complete his prison commitment.

Defendant began serving his state sentence after completing his federal term. On May 14, 2020, he filed a "Motion to Correct Sentence, to Appoint Counsel" in the superior court seeking presentence custody credits under section 2900.5. In his motion, defendant argued he was entitled to 667 days of custody credits, spanning the period from December 1, 1998, the date of his arrest, to September 28, 2000, the date he was sentenced in this case.

The trial court heard and denied the motion, finding defendant was not entitled to custody credits against his state sentence. In its ruling from the bench, the court stated: "It's my order that the sentence imposed was clearly indicated that it was going to be consecutive to the felony matter. [¶] And I don't think you're entitled to credits for—when you're serving time on the federal charges and, specifically, where it's indicated that these are going to be consecutive that I—I don't think you're entitled to the double credits."

## II. DISCUSSION

The sole issue presented in this appeal is whether the trial court erred in refusing to award defendant presentence custody credits on his state sentence. Defendant contends he is entitled under section 2900.5 to pretrial

3

credits on his state sentence for the period of pretrial custody under which he was mutually restrained by federal and state authorities.

Defendant bears the burden of proving his entitlement to credits at sentencing. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1191 (*Bruner*); *People v. Jacobs* (2013) 220 Cal.App.4th 67, 81.) On this record, we conclude the trial court correctly denied defendant presentence custody credits.

Section 2900.5 allows a defendant to receive credit "upon his or her term of imprisonment" for time spent in custody prior to being sentenced. (§ 2900.5, subd. (a).) Subdivision (b), however, contains an express limitation on presentence credits when consecutive sentences are imposed. (§ 2900.5, subd. (b) ["Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."].)

The second sentence of section 2900.5, subdivision (b) precludes an award of credits here. Defendant was sentenced in state court to a 24-year prison term, to run consecutive to his 18-year federal sentence. It would be an improper windfall to allow defendant credit against two separate, consecutive sentences for one period of pretrial custody.[3] (See *Bruner*, *supra*, 9 Cal.4th at p. 1191 ["Section 2900.5 is not intended to bestow the windfall of duplicative credits against all terms or sentences that are separately imposed in multiple proceedings."]; *People v. Santa Ana* (2016) 247 Cal.App.4th 1123, 1144, 1139 (*Santa Ana*) ["defendant cannot receive double credit against

---

[3] Although the record does not state whether defendant received presentence custody credit on his federal sentence, he was entitled to receive it and makes no showing he did not receive credit. (See 18 U.S.C. § 3585(b) ["A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences"].)

4

consecutive sentences"]; Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2020) ¶ 15.12 ["If consecutive sentences are imposed, the court is to award credit only once for any given period in custody. [Citations.] In other words, if the sentences for different cases are imposed consecutively, the court must be careful not to award duplicate credit for any particular day in custody."].)

Defendant summarily asserts that "the fact that [he] first was required to serve a federal term has no bearing on his state law-based [*sic*] claim to credits. . . . [because he] was not given a consecutive *state* prison term and the federal imprisonment had no bearing on the application of state law to a state prison sentence." (Italics added.) But defendant does not make a legal argument or cite any authority in support of this contention. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [reviewing court may treat as waived any claim not supported by a legal argument with citation of authorities on the points made]; Cal. Rules of Court, rule 8.204(a)(1)(B).) The statute does not distinguish between state and federal sentences but proscribes dual credit for a single period of custody "for which a consecutive sentence is imposed." (§ 2900.5, subd. (b).) Defendant received "a consecutive sentence" here when the trial court ordered him to serve his state prison sentence consecutive to the federal sentence.

Nor are we persuaded by defendant's reliance on *Santa Ana*, *supra*, 247 Cal.App.4th 1123, 1127, and *People v. Cooksey* (2002) 95 Cal.App.4th 1407, 1414–1415 (*Cooksey*), for his argument that "case law would authorize confinement credits where 'dual custodial restraints' exist and there is a single period of custody." In *Cooksey*, the defendant was arrested for robbery while on probation for discharging a firearm into a residence. (*Cooksey*, at p. 1414.) The trial court revoked probation and eventually sentenced

5

defendant to a principal term of 10 years on the robbery conviction and a consecutive term of one year eight months for his earlier firearm conviction. (*Ibid*.) Relying on the second sentence of section 2900.5, subdivision (b), the court concluded the defendant was *not* entitled to credits on the subordinate term because the trial court had imposed a consecutive sentence. (*Cooksey*, at pp. 1414–1415.) Defendant does not explain how the holding of *Cooksey* supports his position in this case.

*Santa Ana* likewise does not assist defendant. There, the appellate court denied the defendant duplicate credits where the trial court imposed a consecutive jail term as a condition of probation. Construing section 2900.5, subdivision (b), the court determined that "where a defendant was under dual custodial restraints resulting from the defendant's arrest for one new offense and a probation hold or revocation based only on the new offense, [a single period of custody] is legally 'attributable to' both the new offense and the offense of conviction underlying the grant of probation." (*Santa Ana*, *supra*, 247 Cal.App.4th at p. 1137.) Because the trial court had awarded the defendant custody credit against the earlier probationary jail term, it properly denied credit for the *consecutive* jail term imposed as a condition of probation. (*Id.* at p. 1145.) Thus, contrary to defendant's contention, the *Santa Ana* court's analysis supports denial of presentence credit in this case, where defendant seeks credit against a *consecutive* state sentence for the same period of custody served on his federal offense.

The *Santa Ana* court also explored the legislative history of the 1978 amendment of former section 2900.5 that added subdivision (b). As the court explained, "[i]t is clear from the legislative history of the 1978 amendment [of former section 2900.5] that the Legislature intended to disallow dual credits for a single period of custody in the situation where a court imposes a

consecutive sentence." (*Santa Ana*, *supra*, 247 Cal.App.4th at p. 1138.) For example, "[t]he Assembly Committee on Criminal Justice's analysis of Senate Bill No. 1507 (1977–1978 Reg. Sess.) expressed concern that under existing law, '[i]f a person is detained in custody for the full amount of time that a consecutive sentence would allow prior to sentence, judges would be unable to adequately impose harsher penalties for consecutive sentences.' " (*Ibid.*) Further, the court observed, "[t]he legislative history of Senate Bill No. 1507 (1977–1978 Reg. Sess.) is replete with general expressions of legislative intent indicating that a defendant cannot receive double credit against consecutive sentences. (See Assem. Off. of Research, 3d reading analysis of Sen. Bill No. 1507 (1977–1978 Reg. Sess.) as amended May 31, 1978 ['This bill provides that no double credit be given for the same period of time in custody if a consecutive sentence is imposed.']; Assem. Com. on Criminal Justice, Analysis of Sen. Bill No. 1507 (1977–1978 Reg. Sess.) as amended May 17, 1978, p. 1 ['S.B. 1507 would provide that no double credit be given for the same period of time in custody if a consecutive sentence is imposed.']; see also Dept. of Corrections, Enrolled Bill Rep. on Sen. Bill No. 1507 (1977–1978 Reg. Sess.) June 26, 1978, p. 2 ['Double credit is eliminated by a provision that requires that credit be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed. . . . [¶] The elimination of the potential for using the same jail credits on each of several sentences solves a problem that has existed for years. The change gives meaning to a consecutive sentence.'].)" (*Id.* at p. 1139.) The repeated expressions of general legislative intent to prohibit dual credit for the same period of custody when a consecutive sentence is imposed lead us to conclude that defendant is not entitled to credit against his consecutive state sentence here.

7

Moreover, a construction of section 2900.5 that allowed defendant presentence credits against his state sentence under the circumstances of this case would not be consistent with the general purpose of the statute, which is to "ensure that one held in pretrial custody on the basis of unproven criminal charges will not serve a longer overall period of confinement upon a subsequent conviction than another person who received an identical sentence but did not suffer preconviction custody." (*Bruner*, *supra*, 9 Cal.4th at pp. 1183–1184.)  "[T]he statute is intended only to prevent inequalities in total confinement among defendants, each similarly sentenced in a *single proceeding*, which inequalities arise solely because one defendant suffered presentence confinement while another did not." (*Id.* at p. 1191; *People v. Kunath* (2012) 203 Cal.App.4th 906, 911 ["Where . . . the defendant's custody is solely presentence on all charges and he is simultaneously sentenced on all charges to concurrent terms, the policy behind section 2900.5 applies. Presentence custody credits must apply to all charges to equalize the total time in custody between those who obtain presentence release and those who do not."].)  Because defendant was separately convicted and sentenced on federal kidnapping charges and the trial court determined his state sentence should run consecutive to that federal sentence, he cannot show he spent more time in custody than a hypothetical defendant who obtained presentence release in an otherwise identical state proceeding.  Granting defendant presentence custody credit in this case would not promote the statute's legislative purpose.

Because we conclude defendant is not entitled to presentence credit against his consecutive state sentence, we need not address the Attorney General's alternative argument that defendant is not entitled to presentence

credit because he cannot show the state proceedings had any effect on his liberty.

### III.  DISPOSITION

The trial court's September 3, 2020 order denying defendant's motion to correct his sentence is affirmed.

MARGULIES, ACTING P. J.

WE CONCUR:


BANKE, J.


SANCHEZ, J.


A161125
*People v. Busby*

10