Filed 6/1/22  P. v. Smith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C094229 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 15F6116, 16F7720, 18F2030) |
| v. | |
| JAMES EDWARD SMITH, | |
| Defendant and Appellant. | |

Defendant James Edward Smith pleaded no contest in three unrelated cases.  The trial court sentenced him to a total of eight years in state prison and awarded custody credits.  On appeal, defendant argues the trial court erred in failing to award custody credits as to one of the cases.  The People claim the court properly awarded the credits in its oral pronouncement of judgment, but the credits were omitted from the clerk's minute order and abstract of judgment.  We agree defendant is entitled to custody credits and order the trial court to correct the minute order and abstract of judgment to accurately reflect the judgment imposed.

1

BACKGROUND

The substantive facts underlying defendant's convictions are irrelevant to our decision and are therefore not recounted. We summarize the procedural background below.

Defendant was sentenced to a total of eight years in state prison for three unrelated cases at the same sentencing hearing. His prison term includes a principal term of six years eight months in case No. 18F2030, plus a consecutive term of one year four months in case No. 16F7720, and a concurrent term of two years in case No. 15F6116.

As pertinent here, the trial court awarded 1,624 days of custody credit in case No. 15F6116. However, the clerk's minute order and abstract of judgment do not reflect any credits in case No. 15F6116. Defendant timely appealed and his request for a certificate of probable cause was granted. While this appeal was pending, defendant filed an ex parte motion pursuant to Penal Code section 1237.1 to correct the error in awarding credits in the trial court. When the briefs in this case were filed, the trial court had not yet responded to defendant's motion.

DISCUSSION

Defendant contends the trial court erred in failing to award him custody credits in case No. 15F6116. He claims the court computed he had earned 812 days of actual custody credit and 812 days of conduct credit, but did not award him the credit. He requests this court modify the abstract of judgment to give him the custody credits in case No. 15F6116. The People agree defendant is entitled to custody credits. The People note the court did, in fact, award defendant 1,624 days of presentence custody credit in case No. 15F6116, but those credits were mistakenly omitted from the clerk's minute order and abstract of judgment. Accordingly, the People request that we order the trial court to correct the minute order and abstract of judgment to reflect the 1,624 days of credit awarded by the trial court's oral pronouncement of judgment. We agree that defendant is

2

entitled to 1,624 days of custody credit in case No. 15F6116 and direct the trial court to correct the minute order and abstract of judgment.

It is well established that when concurrent sentences are imposed at the same time for unrelated crimes, the defendant is entitled to presentence credits on each sentence, provided the defendant is not also in postsentence custody for another crime. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1192, fn. 9; *People v. Kunath* (2012) 203 Cal.App.4th 906, 908, 910.) Here, the trial court imposed a concurrent term in case No. 15F6116 when it sentenced defendant in two other unrelated cases. Defendant was not in postsentence custody for another crime. Therefore, he is entitled to custody credits in case No. 15F6116.

A trial court's oral pronouncement is the rendition of judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) Any discrepancies between the orally pronounced judgment and the clerk's minutes are presumed to be the result of clerical error. (*Ibid*.) An abstract of judgment also must reflect the judgment as orally imposed by the trial court. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.) An appellate court may order correction of errors in the minute orders or abstracts of judgment that do not accurately reflect the oral judgment of the sentencing court upon the parties' request. (*Id*. at pp. 186-187.)

The trial court here correctly awarded defendant 1,624 days of credit in case No. 15F6116, but this award was omitted from the clerk's minute order and the abstract of judgment. We shall order the trial court to correct the abstract of judgment and clerk's minute order to reflect the total days of credit awarded.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment and clerk's minute order to reflect the 1,624 days of custody credit awarded in case No. 15F6116. It

3

shall then forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.



                                                                             KRAUSE        , J.


We concur:


       HULL           , Acting P. J.


       MAURO        , J.