Filed 8/2/22 P. v. Reynolds CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LINDA MARIE REYNOLDS,<br><br>     Defendant and Appellant. | A163911<br><br>(Mendocino County Super. Ct. Nos. SCUK-CRCR-2020-34251, SCUK-CRCR-2019-33080) |

Defendant Linda Marie Reynolds appeals from an order revoking probation and imposing sentence in two underlying cases. Her appellate counsel filed an opening brief raising no arguable issues and sought this court's independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgement. (*People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*) *People v. Wende* (1979) 25 Cal.3d 436.)

Upon review of the record, we directed the parties to file supplemental briefs addressing two issues regarding custody and conduct credits: 1) whether 62 days of custody credit based on defendant's violations of probation should be credited to the sentences in both cases, which were ordered to run concurrently, and 2) whether additional conduct credits should

1

have been awarded based on the trial court's grant of defendant's motion for five additional days of custody credits.

The parties concur that defendant is entitled to additional custody credits applied to both cases, and additional conduct credit applicable to the grant of five additional days of custody credit. We conclude defendant is entitled to the additional credits and reverse with directions.

**BACKGROUND**

*The 2019 and 2020 Cases*

In October 2019, the Mendocino County District Attorney charged defendant with a felony violation of resisting an officer by force or threat. (Pen. Code, § 69, subd. (a).)[1] Defendant entered a no contest plea pursuant to a plea agreement.

After she failed to appear for sentencing in that case, a second complaint alleging failure to appear after being released on her own recognizance was filed (§ 1320, subd. (b)), to which defendant also pled no contest and admitted the special allegation of being released on her own recognizance when the felony was committed (§ 12022.1).

The court suspended imposition of sentence and placed defendant on probation for three years in both cases. In the 2019 resisting an officer case, as a condition of probation the court ordered defendant to serve 37 days with credit for 19 days served. In the 2020 failure to appear case, the court ordered defendant to serve 92 days with credit for 46 days served.

Three months later, the probation officer filed petitions alleging probation violations and failure to appear. Defendant admitted the violations, and the court revoked and reinstated probation.

---

[1] All further statutory references are to the Penal Code.

The probation officer subsequently filed a third petition in both cases alleging probation violations. The court again revoked and reinstated probation.

In July 2021, defendant's probation officer filed petitions alleging a fourth violation of probation for a failure to report to probation, failure to comply with the court's order to report every week, failure to submit proof that she had contacted a necessary service provider, and failure to submit a monthly report.

Defendant admitted these violations, and the court terminated probation. In the 2020 case, the court struck the special allegation under section 12022.1, and sentenced defendant to 16 months with credit for 91 days of custody and 90 days of conduct credits. In the 2019 case, the court sentenced defendant to 16 months to run concurrently, with credit for 126 days in custody and 126 days of conduct credit. In both cases, the court imposed several fines and fees, all to run "concurrent, and . . . deemed paid in full."

Two months after sentencing, defendant petitioned the court to correct the custody credits to add credit for five days spent in Lake County jail to each case. The court granted the motion to add five days of custody credit in each case. Defendant further requested that a total of 62 days spent in custody for violations of probation on one case be credited to both sentences. The court denied that request.

### DISCUSSION

*Application of the Custody Credit to Both Cases*

Section 2900.5 provides for custody and conduct credits. "In all felony and misdemeanor convictions, either by plea or by verdict, when the

3

defendant has been in custody . . . all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment, or credited to any base fine that may be imposed, at the rate of not less than one hundred twenty-five dollars ($125) per day, or more, in the discretion of the court imposing the sentence. If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served." (§ 2900.5, subd. (a).) "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a *consecutive* sentence is imposed." (§ 2900.5, subd. (b), italics added.)

The court in *In re Marquez* (2003) 30 Cal.4th 14 (*Marquez*) clarified application of custody credits to more than one case under section 2900.5.[2] The defendant in *Marquez* had been released on bail on a charge of burglary in Monterey County when he was arrested and charged in Santa Cruz County for an unrelated matter. While he was in custody, Monterey County placed a hold on him. (*Id.* at p. 17.) Defendant was convicted of the Santa Cruz crime and sentenced to 11 years, with credit for 142 days in custody prior to sentencing. (*Id.* at p. 18.) He was subsequently convicted of the Monterey County crime and was sentenced to 30 years in prison with 229 days of credit, "representing 153 days of credit for 'actual local time' (that is,

[2] As the court in *Marquez* noted: " 'Probably the only sure consensus among the appellate courts is a recognition that section 2900.5, subdivision (b), is "difficult to interpret and apply." [Citation.] As we have noted, in what is surely an understatement, "[c]redit determination is not a simple matter." ' " (*Marquez, supra*, 30 Cal.4th at p. 19.)

time spent in custody in county jail) and 76 days of 'local conduct credit'." (*Id.* at p. 18.)

Defendant's Santa Cruz County conviction was reversed on appeal. *(Marquez, supra,* 30 Cal.4th at p. 18.)  Defendant sought unsuccessfully to have his presentence credits in the Santa Cruz case applied to the sentence in his Monterey County case.  (*Ibid.*)

The Supreme Court reversed, concluding that once Monterey County placed its hold on the defendant, "his custody was attributable to the charges in both counties."  (*Marquez, supra,* 30 Cal.4th at p. 20, italics omitted.) Thus, "all custody following Monterey County's hold, including the period between [defendant's] sentencing in Santa Cruz County and his Monterey County sentencing, is properly characterized as 'attributable to [the Monterey County] proceedings related to the same conduct for which the defendant has been convicted.' " (*Ibid.*)

These principles were applied to concurrent sentences in *People v. Kunath* (2012) 203 Cal.App.4th 906 (*Kunath*).  Where "the defendant's custody is solely presentence on all charges and he is simultaneously sentenced on all charges to concurrent terms, the policy behind section 2900.5 applies.  Presentence custody credits must apply to all charges to equalize the total time in custody between those who obtain presentence release and those who do not." (*Id.* at p. 911.)

The court in *Kunath* explained the policy reason:  "Assume two defendants are arrested at the same time and each is charged with two crimes.  Defendant One immediately posts bail, but Defendant Two does not. One year later, Defendants One and Two plead guilty to both crimes and each defendant receives a one-year concurrent sentence.  [¶] Under the Attorney General's view, Defendant Two is not entitled to dual precustody credits.  But

5

his receiving precustody credit for the year he spent in jail on count 1 only, is tantamount to receiving no credit because he has to spend another year in custody on count 2. He will have spent two years in custody. Defendant One, however, who has been free on bail will spend only one year in custody. [¶] A proper application of section 2900.5 provides Defendant Two with dual presentence custody credits. Defendants One and Two, each will spend one year in jail." (*Kunath, supra,* 203 Cal.App.4th at p. 911.)

Both the Attorney General and the defendant agree that defendant's time in custody was "attributable" to both cases. (See *Marquez, supra,* 30 Cal.4th at p. 20.) The probation violations were filed on the same date in both cases, based on the same conduct. Applying the principles articulated in *Kunath*, it was error to deny the request that the 62 days of credits be applied to both cases.

Additionally, both parties agree that it is unclear how defense counsel calculated the 62 days and that "the correct amount may be greater." The Attorney General notes defendant "received 71 days more credit on Case B than on Case A." Accordingly, both request the trial court calculate the correct number of credits on remand.

"It is the duty of the court imposing the sentence to determine the date or dates of any admission to, and release from, custody prior to sentencing and the total number of days to be credited pursuant to this section. The total number of days to be credited shall be contained in the abstract of judgment provided for in Section 1213." (§ 2900.5, subd. (d).) On remand we will direct the trial court to determine the total amount of credits and amend the abstract of judgment accordingly.

6

*Additional Conduct Credits Based on Grant of Motion for Five Additional Days of Custody Credit*

The trial court granted defendant's motion to award her an additional five days of custody credits in both cases based on days in custody in Lake County. It did not, however, add the conduct credit to which she was entitled based on those five days. Section 4019 provides "a term of four days will be deemed to have been served for every two days spent in actual custody." (§ 4019, subd. (f).) On remand, the trial court shall calculate the appropriate amount of additional conduct credit based on the addition of five more days of custody credit and amend the abstract of judgment to reflect both.[3]

## DISPOSITION

The matter is remanded with directions for the court to determine the correct date or dates of any admission to, and release from, custody prior to sentencing pursuant to section 2900.5, subdivision (d). Based on its determination of the correct amount of custody credits, the court shall calculate the appropriate number of conduct credits, including adding conduct credits based on its prior order granting defendant's motion for five additional days of custody credits. The court shall apply the total number of credits to both cases. The clerk of the superior court is ordered to amend the abstract of judgment accordingly, and to forward a copy of the amended abstract of judgment to the Mendocino County Probation Department and the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

---

[3] Although the court granted defendant's motion for an additional five days of custody credit, the record does not contain an amended abstract of judgment reflecting those five days.

7

_____
                              Banke, J.

We concur:


_____
Humes,  P.J.


_____
Margulies, J.


A163911, People v. Reynolds