Filed 3/11/26  P. v. Costa CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br> v.<br><br>TROY KEVIN COSTA,<br><br>  Defendant and Appellant. | C102798<br><br>(Super. Ct. Nos.<br>CRF230001647,<br>CRF230002796A) |

Appointed counsel for defendant Troy Kevin Costa has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having done so, we remand the matter for the trial court to recalculate the custody credit award and otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2023, Costa pled no contest to false imprisonment by violence (Pen. Code, §§ 236, 237)[1] in case No. CRF230001647 (case No. 647).  Costa also pled no

---

[1]  Undesignated statutory references are to the Penal Code.

1

contest to falsifying a vehicle registration (Veh. Code, § 4463, subd. (a)(1)) in case No. CRF230002796A (case No. 796).

The trial court suspended imposition of sentence and placed Costa on two years of formal probation in both cases. The court ordered Costa to serve 156 days in jail in case No. 647 and awarded him 156 days of custody credits (78 actual and 78 conduct days). The court ordered Costa to serve 85 days in jail in case No. 796 and awarded him 85 days custody credits (43 actual and 42 conduct days).

The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 probation revocation fine (suspended unless probation is revoked) (§ 1202.44), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373) in each case.

In May 2024, the probation department filed a declaration alleging Costa violated probation, and the trial court revoked probation. Costa admitted to the violation. The court reinstated probation and sentenced him to 60-day jail terms in both cases, which he served concurrently. The court awarded 33 days of custody credits (17 actual and 16 conduct days).

In August 2024, the probation department filed a declaration alleging Costa violated probation again, and the trial court revoked probation. Costa admitted to violating section 273.6, subdivision (a). The court reinstated probation and sentenced him to 90-day jail terms in both cases, which he served concurrently. The court awarded 76 days of custody credits (38 actual and 38 conduct days).

In October 2024, the probation department filed a third declaration alleging Costa violated probation by contacting the victim and violating a protective order (§ 273.6, subd. (a)), and the trial court revoked probation. The trial court found by a preponderance of the evidence that Costa violated probation in each case and referred both cases to probation for a sentencing report.

2

The trial court simultaneously sentenced Costa in both cases. In case No. 647, the court sentenced him to two years (the middle term) in local prison. In case No. 796, the court imposed a concurrent middle term sentence of two years.

The court awarded 396 days of custody credits (198 actual and 198 conduct days) in case No. 647, and awarded 325 days of custody credits (163 actual and 162 conduct days) in case No. 796. In both cases, the court "reaffirm[ed] all previously ordered fines and fees" and lifted the stay on the two $300 probation revocation fines (§ 1202.44). Costa timely appealed but did not obtain a certificate of probable cause.

In September 2025, the trial court amended the abstract of judgment to reflect custody credit of 401 days (201 actual and 200 conduct days) in case No. 647, and 332 days (166 actual and 166 conduct days) in case No. 796.

DISCUSSION

Costa's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Costa was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. We have not received any communication from him.

Having reviewed the record, it appears the trial court failed to award Costa full custody credits in both case Nos. 647 and 794 after each of Costa's first two probation violations. (§ 2900.5; *People v. Bruner* (1995) 9 Cal.4th 1178, 1192, fn. 9; *People v. Kunath* (2012) 203 Cal.App.4th 906, 908 ["under [§ 2900.5], when concurrent sentences are imposed at the same time for unrelated crimes, the defendant is entitled to presentence custody credits on each sentence, provided he is not also in postsentence custody for another crime"].) It also appears the court only credited Costa with 45 actual days following his arrest for the third probation violation, when in fact he served 48 days. The court is required to credit Costa with all actual days he spent in custody. (§ 2900.1;

3

*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.) We will remand the matter for the trial court to do so.

## DISPOSITION

We remand the matter for the trial court to recalculate Costa's custody credits. The trial court is directed to prepare an amended abstract of judgment setting forth the modified credits and to forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


<pre>
                                    /s/
                                  BOULWARE EURIE, J.
</pre>


We concur:


<pre>
      /s/
HULL, Acting P. J.
</pre>


<pre>
      /s/
FEINBERG, J.
</pre>